IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN J. SWOVELAND | ) | CASE NO. 3:19CV1561 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| NEIL TURNER, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Dan J. Swoveland ("Swoveland" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Swoveland is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Swoveland*, Ohio Third Appellate District No. 15-17-14.  For the following reasons, the undersigned recommends that the Petition be DISMISSED as procedurally barred.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Swoveland's conviction as follows:

> [*P2] On May 4, 2017, the Van Wert County Grand Jury indicted Swoveland on five counts: Counts One and Two of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), first-degree felonies; Count Three of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony; Count Four of aggravated funding of drug trafficking in violation of R.C. 2925.05(A)(1), a first-degree felony; and Count Five of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1). (Doc. No. 3).
>
> [*P3] On May 10, 2017, Swoveland appeared for arraignment and pled not guilty to the counts of the indictment. (Doc. No. 11).
>
> [*P4] On October 11, 2017, Swoveland withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One and Three. (Doc. No. 26). In exchange for his change of pleas, the State agreed to dismiss Counts Two, Four, and Five of the indictment and recommend that Swoveland serve a seven-year prison sentence. (Id.). The trial court accepted Swoveland's guilty pleas, found him guilty on Counts One and Three, and ordered a presentence investigation. (Doc. No. 27).
>
> [*P5] On December 4, 2017, the trial court sentenced Swoveland to 7 years in prison on Count One and 5 years in prison on Count Three and ordered that Swoveland serve the terms consecutively for an aggregate term of 12 years. (Doc. No. 31).

(Doc. No. 8-1, Ex. 10; *State v. Swoveland*, No. 15-17-14, 2018 WL 3528713 at ¶¶2-5 (Ohio Ct. App. July 23, 2018).)

2

## II. Procedural History

**A.      Trial Court Proceedings**

On May 4, 2017, the Van Wert County Grand Jury indicted Swoveland on the following charges:

- two counts of illegal manufacture of drugs,

- one count of illegal assembly or possession of chemicals for the manufacture of drugs,

- one count of aggravated funding of drug trafficking, and

- engaging in a pattern of corrupt activity.

(Doc. No. 8-1, Ex 1.)  Swoveland entered pleas of not guilty to all charges.

On October 11, 2017, Swoveland, through counsel, withdrew his original plea of not guilty and entered a plea of guilty to one count of illegal manufacture of drugs (Count 1) and one count of illegal assembly or possession of chemicals for the manufacture of drugs (Count 3). (Doc. No. 8-1, Ex. 3.)  The State withdrew the remaining counts.  (Doc. No. 8-1, Ex. 4.)

The trial court accepted Swoveland's pleas and found Swoveland guilty of illegal manufacture of drugs and illegal assembly or possession of chemicals for the manufacture of drugs. (Doc. No. 8-1, Ex. 5.)  On December 4, 2017, the trial court made a judgment entry which ordered Swoveland to serve an aggregate sentence of twelve years. (Doc. No. 8-1, Ex. 6.)  In addition, the court notified Swoveland of the imposition of five years of post-release control upon his release from prison. *Id.*

**B.      Direct Appeal**

Swoveland, through new counsel, filed a timely notice of appeal to the Third District Court

of Appeals, Van Wert County, Ohio.  (Doc. No. 8-1, Ex. 7.)   In his appellate brief, he raised the

following assignments of error:

> I.    Appellant's guilty pleas were involuntary and should be vacated due
>       to appellant's in-court statements.
>
>       Issue Presented for Review: Whether appellant's guilty pleas were
>       voluntary when the appellant averred his innocence at his sentencing?
>
> II.   Appellant's guilty pleas were involuntary and should be vacated due
>       to the appellant's incompetency and the trial court committed plain
>       error by failing to sua sponte order a competency evaluation of
>       appellant prior to accepting the guilty plea.
>
>       Issue Presented for Review: Whether appellant's guilty pleas were
>       voluntary when his own attorney admitted at appellant's sentencing
>       that Defendant does not process information the same as normal people
>       do?
>
> III.   Defendant was denied the effective assistance of counsel as required
>       by the Sixth Amendment to the U.S. Constitution.
>
>       Issue Presented for Review: Whether Defendant was denied the
>       effective assistance of counsel when his attorney failed to request a
>       competency hearing?

(Doc. No. 8-1, Ex. 8.)   The State filed a brief in response.  (Doc. No. 8-1, Ex. 9.)

On July 23, 2018, the state appellate court affirmed Swoveland's convictions.   (Doc. No.

8-1, Ex. 10; *State v. Swoveland*, No. 15-17-14, 2018 WL 3528713 (Ohio Ct. App. July 23, 2018).)

On December 17, 2018, Swoveland, proceeding *pro se*, filed a Notice of Appeal and a

Motion for Delayed Appeal with the Supreme Court of Ohio. (Doc. No. 8-1, Ex. 12 & 13.) On

February 6, 2019, the Ohio Supreme Court denied the motion for delayed appeal. (Doc. No. 8-1, Ex.

14.)

4

C.     **Federal Habeas Petition**

On July 9, 2019,[1] Swoveland filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**:   That I was never given a competency hearing.
>
>> **Supporting Facts**: I realize I took a plea bargain and thought I would receive 4 years in prison. I pled guilty and then at sentencing I pled not guilty and then after a recess, I pled guilty. I didn't understand what was going on and I told my lawyer at sentencing I did not know how to answer the judge. The court also felt it was unsafe to leave me alone when I was on house arrest. I feel the court and my lawyer ignored their concerns and sentenced me anyway.
>
> **GROUND TWO**: I was denied the effective assistance of counsel.
>
>> **Supporting Facts**: I feel my lawyer did me an injustice by never ordering a competency hearing. He told the judge several times "I was a difficult client" and not because of hostility but that I do not process information the same way as others do.   I also believed my lawyer when I signed a plea bargain that I would only receive four years in prison and then I ended up getting twelve years in prison.

(Doc. 1.)

On May 21, 2020, Warden Neil Turner ("Respondent") filed his Return of Writ. (Doc. No. 8.) Swoveland did not file a Traverse or otherwise respond to the Return of Writ.

---

[1]     Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). However, Swoveland's Petition is undated, and was received by the Clerk's office and filed on July 9, 2019.  (Doc. No. 1.)  Thus, the Court will consider the Petition as filed on that date.

5

### III.  Exhaustion and Procedural Default

**A.**    **Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b), (c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways.  *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2]  *Id.*

---

[2]    In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138 39; *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.  *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731  32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  This second type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, and that claim could have been raised, the claim is procedurally defaulted.  *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court.  To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner

---

federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138 39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219 20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually

8

innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749 50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Conclusory statements are not enough   a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

### B.    Application to Petitioner

Respondent asserts that Swoveland's entire habeas petition is procedurally defaulted because he failed to timely appeal to the Supreme Court of Ohio, and the Supreme Court of Ohio denied his motion for a delayed appeal.  (Doc. No. 8 at 25.)  Because Swoveland did not file a Traverse, he has not addressed Respondent's arguments regarding procedural default.

Under its procedural rules, the Ohio Supreme Court has jurisdiction over timely appeals which are made within 45 days of the state appellate court's decision.  *See* Ohio S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1).  The Ohio Supreme Court may, in its discretion, take jurisdiction over untimely felony appeals in response to a motion for leave to file a delayed appeal pursuant to Ohio S. Ct. Prac .R. 7.01(A)(4).  However, in cases like this one, where the Ohio Supreme Court declines to exercise jurisdiction over a delayed appeal, the Sixth Circuit Court of Appeals has held that even an unexplained decision denying leave to file an untimely appeal is presumed to enforce any applicable procedural bar:

> This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme

Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id*. A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id*. Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). **Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.**

*Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (emphasis added); *accord Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir.2012) ("the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits."); *Carman v. Ohio*, No. 1:14 CV 2060, 2015 WL 1189084 (N.D. Ohio Mar. 16, 2015); *Crutchfield v. Warden*, No. 1:13 cv 438, 2014 WL 3899287 (S.D. Ohio Aug. 11, 2014) (finding that where the petitioner's motion for delayed appeal before the Ohio Supreme Court was denied, the petitioner must demonstrate cause for his default and actual prejudice to avoid dismissal).

The Court finds Swoveland's failure to file a timely appeal from the state appellate court decision to the Ohio Supreme Court, coupled with the Ohio Supreme Court's denial of a motion for delayed appeal, resulted in a procedural default. On July 23, 2018, the state appellate court issued its decision on Swoveland's appeal. (Doc. No. 8-1, Ex. 11.) Thereafter, Swoveland had forty-five days, or until September 6, 2018, to appeal to the Ohio Supreme Court, but failed to do so. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Instead, Swoveland filed a motion for delayed appeal of the state appellate court's decision on his reopened appeal on December 4, 2018. (Doc. No. 8-1, Ex. 13.) The Ohio Supreme Court denied this motion and dismissed the matter on February 6, 2019. (Doc. No. 8-1, Ex. 14.) Therefore, both grounds of Swoveland's Petition are procedurally barred unless

10

he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  A habeas petitioner must "show that some objective factor external to the defense" caused his failure to comply with the state's procedural rule, *Murray*, 477 U.S. at 488, and if the petitioner fails to do so, the Court need not consider the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527, 533 34, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

### i.      Cause and Prejudice

Despite his procedural default, Swoveland may still obtain a merits review of this claim if he can demonstrate cause for the default and prejudice resulting therefrom. *See Lundgren*, 440 F.3d at 763.  Because Swoveland did not file a Traverse, he did not respond to Respondent's arguments regarding procedural default.  However, in his Motion for a Delayed Appeal, he explained that "I could not file a timely appeal because I am a layman at the law, could not meet all the filing requirements as shown by my past attempted filings[3] . . . and as previously argued on appeal I do not have the mental competency to file a timely appeal, so I needed time to get legal assistance[4] with this appeal."  (Doc. No. 8-1, Ex. 13 at PageID#235.)

The Sixth Circuit has made clear that a petitioner's "*pro se* status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default."  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *citing Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).  The Sixth Circuit also explained that a petitioner's "ignorance of the law and procedural requirements for filing

---

[3]      No past attempted filings are in the case record.

[4]      The delayed appeal was filed *pro se,* and no motion for appointment of counsel is in the record.

a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Id.* Therefore, Swoveland's status as "a layman at the law" cannot excuse his procedural default.

Further, as courts in this District have explained, a petitioner's mental status cannot provide "cause" to excuse a procedural default because that "[c]ause for procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule." *Ream v. Bunting*, No. 3:15-CV-00313, 2017 WL 7805229, at *14 (N.D. Ohio Apr. 12, 2017), *report and recommendation adopted*, No. 3:15-CV-0313, 2018 WL 1083266 (N.D. Ohio Feb. 28, 2018), *citing Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (emphasis original) (citations and internal quotations omitted); *Murray v. Carrier*, 447 U.S. 478, 488 (1986). Applying the Supreme Court's holding in *Maples v. Thomas*, courts have consistently found that mental impairments including depression, borderline mental retardation, a diagnosis as a "borderline mental defective," and below-average intelligence, and holding that mental illness, which "comes from a source within the petitioner," may not constitute cause for procedural default because it fails "to qualify as an external impediment" to the defense within the meaning of Murray. *Id*., citing *Harris v. McAdory*, 334 F.3d 665, 668 69 (7th Cir. 2003). Therefore, Swoveland's alleged lack of mental competency cannot excuse his procedural default.

Finally, although Swoveland cited a need to get legal assistance with his appeal to the Supreme Court of Ohio, there is no evidence he ever secured such assistance, and he nevertheless filed an appeal which met both the substantive and technical requirements for such a filing. As discussed *supra*, his *pro se* status cannot serve as cause to excuse his default. Therefore, Swoveland's alleged need for assistance cannot excuse his procedural default.

None of the three explanations Swoveland proffered to the Supreme Court of Ohio provide

12

cause to excuse his procedural default of the habeas petition at issue here.   In the absence of cause, a court need not reach the issue of prejudice.  *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000); *Sandridge v. Buchanan*, 1:16CV2299, 2017 WL 2255378, at *11 (N.D. Ohio April 27, 2017).

### ii.      Actual Innocence

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.   *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Carrier*, 477 U.S. at 495  96); *see also Schlup*, 513 U.S. at 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency."   *Bousley v. United States*, 523 U.S. 614, 623  24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new and reliable evidence that was not presented at trial.  *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman  Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).

Here, Swoveland does not point to any new, reliable evidence of his innocence. Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.

Since Swoveland chose not to file a Traverse, Respondent's assertion that the Petition is procedurally defaulted is essentially unopposed.  Accordingly, and in light of the above, it is recommended Swoveland's habeas petition be DISMISSED as procedurally defaulted.

### IV.  Review on the Merits

**A.**     **Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court.  *See White v. Woodall,* 572 U.S. 415, 419-20, 134 S. Ct. 1679, 1702, 188 L.Ed. 2d 698 (2014); *Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court."  *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012).  *See also Lopez v. Smith*, 574 U.S. 1, 7, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme

14

Court jurisprudence into a specific legal rule that this Court has not announced.'") (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. *See also Shimel*, 838 F.3d at 695. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 F. App'x 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court

15

noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786 87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.").

### 1.  Ground One: Competency Hearing

Swoveland's first ground for relief asserts that he was never given a competency hearing. (Doc. No. 1 at PageID#5.) He cites four reasons that he believes the trial court should have seen cause for such a hearing. First, he asserts that his lack of competence was evident when he misunderstood the length of his potential sentence under the plea bargain. (*Id*.) Second, he believes he demonstrated lack of competence by changing his mind about whether to acknowledge guilt or assert innocence during the plea hearing. (*Id*.) Third, he asserts that his competence should have been evaluated because he "did not know what was going on," as demonstrated by the fact "I told my lawyer at sentencing I did not know how to answer the judge." (*Id*.) Finally, he argues that the trial court judge showed awareness that Swoveland lacked competence because the judge stated that "the court . . . felt it was unsafe to leave me alone when I was on house arrest." (*Id.*)

Respondent asserts that this ground for relief is not cognizable in a federal habeas proceeding for three reasons. (Doc. No. 8 at 13-18.) First, it is not cognizable because there is no clearly established United States Supreme Court precedent to apply to prescribe a standard for determining

16

when a trial court should hold evidentiary proceedings on the matter of competency. (*Id*.) Second, it is not cognizable because it was an exercise of discretion by the trial court. (*Id*.) Third, it is not cognizable because, under Ohio law, a defendant is presumed to be competent, and there is no evidence to rebut that presumption in this case. (*Id*.)

The state appellate court addressed the issue of Swoveland's competence as follows:

[*P29] It is undisputed that Swoveland's competency was not raised prior to the change-of-plea hearing. Instead, Swoveland contends that the trial court abused its discretion by failing to order a hearing regarding his competency based on the evidence discussed under his first assignment of error regarding the knowingness, intelligence, and voluntariness of his guilty pleas coupled with statements made by the trial court and Swoveland's trial counsel at the change-of-plea and sentencing hearings, respectively.

[*P30] In support of his argument, Swoveland points to an exchange during the change-of-plea hearing as evidence that the trial court harbored concern regarding his competency. That exchange, which concerned his release before sentencing, reflects:

[Trial Court]: Now it's my understanding that you're going to go to your, is it your sister's house or your brother's house?

[Swoveland]: Do I have to? Could I go home to my own house? Your honor?

[Trial Court]: I'm concerned about that.

[Swoveland]: Why?

[Trial Court]: I don't have to state all of my concerns.

[Swoveland]: Huh?

(Oct. 11, 2017 Tr. at 34). Swoveland also points to his trial counsel's statement at the sentencing hearing that Swoveland "'doesn't process information the same way the rest of us do.'" (Appellant's Brief at 10, quoting Dec. 4, 2017 Tr. at 45).

[*P31] After reviewing the record, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by failing to sua sponte order a hearing regarding Swoveland's competency. There is insufficient indicia of incompetence. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 157, 819 N.E.2d 215.

17

Under the factors that the trial court should consider when deciding whether to order a competency hearing, there is no evidence that Swoveland behaved irrationally in the courtroom or that there is a prior medical opinion relating to Swoveland's competence to stand trial. To the extent that Swoveland argues that the trial court and his trial counsel expressed doubts as to Swoveland's competency, we disagree. First, Swoveland hypothesizes that the trial court "did not feel safe letting him be alone under house arrest" in response to the trial court's statement to Swoveland that it was not required to recite its concerns for prohibiting Swoveland to be released to his residence. (Appellant's Brief at 12). There is no evidence in the record supporting Swoveland's hypothesis. Instead, there is evidence in the record reflecting that the trial court could have harbored concerns other than Swoveland's mental state — that is, there is evidence in the record reflecting Swoveland's personal drug abuse and propensity to engage in criminal activity when pressured by others. Without definitive evidence that the trial court actually possessed concerns about Swoveland's competency, we defer to the trial court's determination, as we are required to do, since it was able to see and hear what transpired in the courtroom.

[*P32] Second, Swoveland's argument that his trial counsel's statement that he processes information differently demonstrates that his trial counsel expressed doubts as to his competence is also erroneous. Read in context, Swoveland's trial counsel's statement was part of his statement to the trial court before Swoveland's sentencing explaining the circumstances of the case. Indeed, the spirit of the evidence that Swoveland's trial counsel presented on Swoveland's behalf in mitigation of a harsh sentence was that he is easily impressionable and was pressured into participating in the criminal activity.

[*P33] Finally, based on our analysis under Swoveland's first assignment of error, we summarily reject Swoveland's argument relying on any evidence that his guilty pleas were not knowing, intelligent, or voluntary as indicia of incompetence.

[*P34] Beyond the factors that the trial court should consider when determining whether to order a competency hearing, there is also no evidence in the record that Swoveland was incompetent. That is, there is no evidence in the record reflecting that Swoveland did not have a sufficient present ability to consult with his trial attorney with a reasonable degree of rational understanding and no evidence that Swoveland did not have a rational and factual understanding of the proceedings against him. *See State v. Ferguson*, 2d Dist. Montgomery No. 27325, 2018-Ohio-987, ¶ 18, citing *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 32, 12 N.E.3d 1112, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 1995-Ohio-310, 650 N.E.2d 433 (1995) and *Dusky*, 362 U.S. at 402.

[*P35] Indeed, at the change-of-plea hearing, Swoveland appropriately responded to the trial court's colloquy. In particular, Swoveland declared that he understood the nature of the charges against him; that he had an opportunity to review and discuss

those charges with his trial counsel; that he was satisfied with his trial counsel's representation; and that he was not under the influence of drugs or alcohol. (Oct. 11, 2017 Tr. at 19-20, 24, 29-30). Moreover, Swoveland executed the negotiated plea agreement reflecting the same. (Doc. No. 26). *Compare Shepherd*, 2009-Ohio3317, at ¶ 12.

[*P36] For these reasons, we conclude that the trial court did not abuse its discretion by failing to sua sponte order a hearing regarding Swoveland's competency. As such, to the extent that Swoveland argues that his guilty pleas are invalid because he was incompetent, we reject Swoveland's argument.

[*P37] Swoveland's second assignment of error is overruled.

*State v. Swoveland*, 2018 WL 3528713 at ¶¶ 24-37.

The Sixth Circuit addressed the issue of competency in *Carter v. Brogan*:

While the Supreme Court has yet to prescribe a standard for determining when a trial court should hold evidentiary proceedings on the matter of competency, we have previously used the following test: "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006) (quoting *Williams*, 696 F.2d at 467). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but . . . even one of these factors standing alone may, in some circumstances, be sufficient." *Black v. Bell*, 664 F.3d 81, 102 (6th Cir. 2011) (alterations in original) (quoting *Drope*, 420 U.S. at 180).

*Carter v. Brogan*, 900 F.3d 754,769-770 (6th Cir. 2018).

As the Sixth Circuit explained in *Carter*, the United States Supreme Court has not yet clearly established a standard for determining when a trial court must hold an evidentiary hearing on competency.  Ground One of Swoveland's habeas Petition asserts that the trial court should have held such a hearing.  This ground is not cognizable under the AEDPA because the there is no clearly-established United States Supreme Court precedent to apply. 28 U.S.C. §2254(d). As discussed in section IV.A., *supra*, a lower court may not extend the rationale of United States Supreme Court precedent since to do so logically means that the precedent, whatever it is, cannot

19

involve "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," within the meaning of the AEDPA statute. *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014).  Moreover, the Supreme Court has been clear that "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall,* 572 U.S. at 426, 134 S. Ct. at 1706.  Because there is no clearly-established Supreme Court precedent applicable to the trial court's exercise of discretion in not moving, *sua sponte*, for a competency hearing, this ground is not cognizable in a federal habeas proceeding, and should be dismissed.

Because Ground One is both procedurally barred and non-cognizable for the reasons discussed herein, this Court will not address Respondent's arguments regarding the two other basis for finding Ground One non-cognizable in depth.  However, the Court notes that Respondent is accurate is asserting that "[w]hen the issue of a defendant's competency is raised, it is within the trial court's discretion whether an evaluation should be conducted." *State v. Peric*, Nos. 2018-L-089, 2018-L-090, 2019 WL 1424626, at *4 (Ohio Ct. App. Mar. 29, 2019); *State v. Matharu*, No. 26985, 2017 WL 4712453, at *3 (Ohio Ct. App. Oct. 20, 2017) ("we review the decision of the trial court regarding competency evaluations for an abuse of discretion").  Further, "a state trial court's alleged abuse of discretion, without more, is not a constitutional violation." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001); citing *Sinistaj v. Burt*, 66 F.3d 804, 805, 808 (6th Cir. 1995).

The Respondent also accurately asserts that under the law of Ohio, "a defendant is presumed to be competent to stand trial." *State v. Peric*, 2019 WL 1424626, at *4; Ohio Rev. Code § 2945.37. The burden is upon the defendant, or his counsel, to submit enough evidence to put the question at

20

issue. *Id.*, citing *State v. Hackthorn*, No. 2004-A-0008, 2004 WL 2860898, at *4 (Ohio Ct. App. Dec. 10, 2004). In this case, as the state appellate court noted, "there is . . . no evidence in the record that Swoveland was incompetent." *State v. Swoveland*, 2018 WL 3528713 at ¶ 34. The trial court's factual determination of competence has not been rebutted by Swoveland, and is therefore entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1). As courts in this district have explained, a state-court determination of competence is a factual finding, to which substantial deference must be paid. *Harvey v. Tambi*, No. 1:12-CV-3037, 2015 WL 5055470, at *2 (N.D. Ohio Aug. 26, 2015), citing *Thompson v. Keohane*, 516 U.S. 99, 108  11, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995).

In this case, neither the Petitioner nor his counsel sought a competency hearing at any point in the trial court proceedings.[5] Nevertheless, Swoveland asserts that the trial court was obligated to hold a competency hearing even though the issue of competency was never raised by either party, or by the court itself.[6] However, for all the reasons set forth above, the alleged failure of the trial court to exercise its discretion to hold a competency hearing *sua sponte* is neither a Constitutional violation nor contrary to clearly-established federal law, and therefore is not cognizable in this forum.[7]

---

[5]     Swoveland acknowledges that his counsel never sought a competency hearing, and this is, in part, the basis of Ground Two of this Petition. (Doc. No. 1.)

[6]     Although Swoveland leans heavily on the trial court's statement that it was "concerned about" allowing him serve home confinement alone, the trial court explicitly declined to state the reason for its concern on the record, and this court lacks sufficient evidence to conclude it was based in the trial court's perception of Swoveland's competence. *State v. Swoveland*, No. 15-17-14, 2018 WL 3528713 at ¶ 30 (Ohio Ct. App. July 23, 2018).

[7]     Further, even if this Court determines Ground One of Swoveland's Petition is not procedurally defaulted and is cognizable,  he does not assert that the adjudication of

Assuming, *arguendo*, that Swoveland's entire petition is not procedurally defaulted, his first ground for relief is not cognizable in a federal habeas petition, and should therefore be dismissed.

### 2. Ground Two: Ineffective Assistance of Counsel

Ground Two of Swoveland's Petition asserts that he was denied the effective assistance of counsel. (Doc. No. 1 at PageID#7.) Swoveland identifies two facts that support this ground. First, he asserts that his counsel misrepresented that the plea bargain included a term of four years in prison and he was ultimately sentenced to twelve years in prison. (*Id.*) Second, he asserts that his counsel was ineffective because he failed to request a competence evaluation. (*Id.*) He believes that his trial counsel should have questioned his competence because his counsel told the judge "several times" that Swoveland was a difficult client who did not process information the same way as others do. (*Id.*)

Respondent asserts that, as discussed in the Ground One, there was no evidence that Swoveland was incompetent to stand trial, and therefore it was not error for his counsel not to seek a competency evaluation. (Doc. No. 8 at 23.) Further, Respondent asserts that the record demonstrates that, prior to making his plea, Swoveland was informed by the Court that he was subject to mandatory terms of imprisonment based on the offenses to which he was pleading guilty, and stated that he understood those terms. (*Id.* at 22.)

At the outset, the Court notes that although Swoveland raised the issues of whether his plea

---

this issue by the Ohio Court of Appeals failed to meet the AEDPA standard of review. The "AEDPA requires 'a state prisoner to show that the state courts ruling on the claim being presented in federal court was so lacking in justification that there was an error ... beyond any possibility for fairminded disagreement.'" *Burt v. Titlow*, 571 U.S. 12, 20, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013); quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 87, 178 L.Ed.2d 624 (2011). Therefore, Swoveland's first habeas ground is without merit.

was voluntary in Grounds One and Two of his appeal to the state appellate court, he did not raise the issue of ineffective assistance of counsel in relation to his plea.[8]  (Doc. No. 8-1, Ex. 8.) Assuming, *arguendo*, that this portion of his second ground was not procedurally barred by his failure to timely appeal the state appellate court's decision to the Ohio State Supreme Court, it is procedurally barred by his failure to present it to the state courts at any level, and therefore will not be addressed on the merits herein.[9]  *See Engle,* 456 U.S. 107 at 125, fn. 28 (1982) (holding that if, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted).  *See also Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  Moreover, Swoveland has failed to demonstrate either cause or prejudice sufficient to overcome the default, nor has he come forward with any new or reliable evidence of actual innocence.  Accordingly, the Court finds this element of Swoveland's ineffective assistance claim should be dismissed as procedurally defaulted.

---

[8]    In his state court appeal, Swoveland asserted that his guilty plea was involuntary and should be vacated due to his in-court statements and his incompetence, and asserted his counsel was ineffective for failing to request a competency hearing.  (Doc. No. 8-1, Ex 8 at PageID#145.)

[9]    At his plea hearing, Swoveland made a comment that prison was not right for him, and the trial judge quickly made clear that the charges to which Swoveland was pleading guilty carried mandatory jail time. (Doc. No. 8-1, Ex. 8 at PageID#152.) A reading of the transcript of the plea hearing makes clear that both the maximum and the mandatory terms of imprisonment were clearly explained to Swoveland at that time, and he affirmed that he understood them.  (Doc. No. 8-1, Ex. 14 at PageID#278-9, 286-7.)  Further, the Court stated clearly that the sentence it imposed was not bound by any agreement Swoveland made with the State.  (*Id*. at PageID#289.)  The trial court explained the sentence was "solely a matter within the control of the Court," and Swoveland affirmed his understanding.  (*Id*.)

The state appellate court addressed Swoveland's ineffective assistance of counsel claim based on the failure to request a competency hearing as follows:

> [*P38] In his third assignment of error, Swoveland argues, for largely the same reasons asserted in his second assignment of error, that his trial counsel was ineffective for failing to request a hearing regarding Swoveland's competency.
>
> [*P39] A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306, 2001- Ohio 191, 750 N.E.2d 148 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L. Ed. 2d 203 (1985); *Strickland*, 466 U.S. at 687.
>
> [*P40] Based on our conclusions in Swoveland's second assignment of error, we reject Swoveland's ineffective-assistance-of-counsel argument. That is, Swoveland cannot show that his trial counsel's performance was deficient or unreasonable under the circumstances because, as we concluded under Swoveland's second assignment of error, there is insufficient indicia in the record demonstrating that the trial court should have ordered a competency hearing or that Swoveland was incompetent.
>
> [*P41] Swoveland's third assignment of error is overruled.

*State v. Swoveland*, 2018 WL 3528713 at ¶¶ 38-41.

In assessing claims of ineffective assistance of counsel, courts apply the familiar standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1998), which requires a petitioner to demonstrate both that his counsel's performance was so deficient that it amounted to a denial of the petitioner's Constitutional right to counsel, and that the allegedly ineffective assistance caused him prejudice:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires

24

showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.

The Court finds the state appellate court's determination, above, was neither contrary to nor an unreasonable application of clearly established federal law under the doubly deferential standards of § 2254(d) and *Strickland*.  The United States Supreme Court has emphasized that, in determining whether counsel performed deficiently under *Strickland*, "[w]e begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy.'"  *Pinholster*, 131 S.Ct. at 1404 (quoting *Strickland*, 466 U.S. at 689).  Indeed, *Strickland* commands reviewing courts to "affirmatively entertain the range of possible 'reasons [defense] counsel may have had for proceeding as they did,'" *Pinholster*, 131 S.Ct. at 1407, and "indulge [the] strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 689-90, 692.  *See also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) ("Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.")[10]

---

[10]     Like federal law, Ohio law regarding ineffective assistance claims requires reviewing courts to be highly deferential of trial counsel's strategic decisions.  *See State v. Carter*, 651 N.E.2d 965, 977, 72 Ohio St.3d 545, 558 (Ohio 1995) ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy."); *State v. Smith*, 731 N.E.2d 645, 652, 89 Ohio St.3d 323, 328 (Ohio 2000) ("Yet, even if we viewed counsel's trial strategy as questionable, such a strategy should not compel us to find

25

In this case, as the appellate court noted, there was "insufficient indicia in the record demonstrating that the trial court should have ordered a competency hearing or that Swoveland was incompetent." *State v. Swoveland*, 2018 WL 3528713 at ¶ 31.  Although Swoveland points to record evidence which could support concerns about his competence, it is not sufficient to overcome the strong presumption that his counsel's decision not to contest Swoveland's competence was an exercise of reasonable professional judgment.  *See Strickland,* 466 U.S. at 689-90, 692.  Swoveland bases his claim on his trial counsel's statement that he was "a difficult client . . not because of hostility but because I do not  process information the same way as others do."[11]  (Doc. No. 1 at 7.) However, as explained in the state appellate court's decision, this evidence is ambiguous.  While Swoveland asserts this statement shows awareness on the part of his trial counsel that he lacked competency, it could also reasonably be understood to refer to his trial counsel's mitigation argument that Swoveland was easily influenced to engage in criminal behavior.  *State v. Swoveland*, 2018 WL 3528713 at ¶ 32.   Therefore the state appellate court's determination that Swoveland's trial counsel was not ineffective was a reasonable application of the standard set forth in *Strickland*.

---

ineffective assistance of counsel. In these situations, we normally defer to counsel's judgment.").

[11]      The test for determining whether a defendant is competent to stand trial is "whether he or she has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and whether the defendant has a rational and factual understanding of the proceedings against him or her." *State v. Ferguson*, 108 N.E.3d 1161, 1165 (Ohio Ct. App. 2018), citing *State v. Neyland*, 12 N.E.3d 1112, 1125 (Ohio 2014), citing *State v. Berry*, 650 N.E.2d 433 (Ohio 1995) and *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).  A defendants's "lack of cooperation with defense counsel at various times did not establish that he was not competent to stand trial." *State v. Neyland*, 12 N.E.3d at 1127.

Assuming, *arguendo*, that Swoveland's entire petition is not procedurally defaulted, for all the reasons set forth above, the Court finds Ground Two is without merit and should be dismissed.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.


Date:   February 19, 2021                      ___s/ Jonathan Greenberg___
                                               Jonathan D. Greenberg
                                               United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**